

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:          Opinion No. 0-3589

                            Re:  May the compensation of an
                                   additional Deputy Clerk for
                                 the Court of Civil Appeals
                                 for the Fifth Supreme Judi-
                                 cial District be paid out
                                 of fees of office collected
                                 by the Clerk of that court?

        We have your letter of May 22, 1941, propounding
for an opinion by this Department the above-captioned ques-
tion.  Your request is as follows:

        "You will please advise me whether or
not the compensation of an additional deputy
may be paid out of fees of office collected
by this Court, which are on deposit in the
State Treasury.  If this cannot be done, you
will please advise whether or not the Court
has the authority to retain in their posses-
sion fees sufficient to pay the salary of
the additional deputy."

        Section 3 of the General Provisions of the cur-
rent Judiciary Appropriation Bill declares:

        "All fees paid to any court for which
appropriations are made herein or to any
of the clerks, officers or employes of any
such court, whether such fees are for offi-
cial or unofficial copies of opinions, or
for other services or documents, shall be
deposited at the close of each month in the

General Revenue Fund of the State Treasury
and shall be carried as a special account
in said Fund for the court depositing same,
and none of such fees shall be retained by
or paid to said clerks, officers or employes.
Each court employe whose salary is provided
for herein, except porters, shall file with
the Comptroller at the end of each month an
affidavit showing that he has not retained
any compensation out of any court fees or
other fees received by him or the court dur-
ing that month and showing that all such
fees have been deposited in the State Treas-
ury. The Comptroller shall not issue a war-
rant in payment of the salary of any such
employe for any month unless and until the
affidavit required herein has been filed
for that month."

It is generally understood to be the rule that
the Legislature may not by a general appropriation bill
repeal or amend a general statute. It is not necessary
for us to pass upon the sufficiency of this section of
the appropriation bil to repeal or affect Article 1833
of the Revised Civil Statutes of 1925, which Article de-
clares:

"Each Clerk may appoint one chief
deputy. With the approval of the court
he may appoint additional deputies who
shall be paid out of the fees collect-
ed by the Clerk, not to exceed $100.00
a month. Each deputy shall give bond
to the Clerk for the faithful discharge
of his duty."

Article 1833 has been superseded, however, in
respect to the particular matter under consideration, by
Senate Bill No. 431, Chapter 2 of the 46th Legislature,
Regular Session, Vol, 1, p. 619, which reads as follows:

"SECTION 1. The salaries of all
State officers and all State employees
except those Constitutional State of-

ficers whose salaries are specifically fixed by the Constitution, shall be, for the period beginning September 1, 1939, and ending August 31, 1941, in such sums or amounts as may be provided for by the Legislature in the general appropriation bills. It is specifically declared to be one of the intents hereof that the Legislature shall also fix the amount of supplemental salaries hereafter, out of court fees and receipts, to be paid to the clerks and other employees of the Courts of Civil Appeals, the Supreme Court and the Court of Criminal Appeals.

"SEC. 2. All laws and parts of laws fixing the salaries of all State officers and employees, except those Constitutional State officers whose salaries are specifically fixed by the Constitution, are hereby specifically repealed in so far as they are in conflict with this Act. It is specifically declared to be one of the intents hereof that any and all laws authorizing payment of supplemental salaries from court receipts and fees to clerks and other employees of the courts of Civil Appeals, the Supreme Court and the Court of Criminal Appeals, are repealed in so far as they are in conflict with this Act."

The current biennial appropriation for the respective courts of Civil Appeals makes no appropriation for the Deputy Clerk mentioned by you, and there is, therefore, no authority for the appointment and compensation of any Deputy beyond the two Deputies specially mentioned in the appropriation bill and for whom specific salaries have been appropriated.

Honorable Geo. H. Sheppard - 4


        We trust that what we have said sufficient-
ly answers your inquiries.


                              Very truly yours

                         ATTORNEY GENERAL OF TEXAS

                         By  s/     Ocie Speer
OS:MR                               Assistant

                         APPROVED: OPINION COMMITTEE
AP ROVED JUN 5, 1941

s/ Grover Sellers        By      BWB      Chairman

FIRST ASSISTANT ATTORNEY GENERAL